A091 (Rev 08/01) Criminal Complaint

United States Courts
Southern District of Texas
FILED

SEP - 1 2019

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA
V.
Alexis Marie Lopez

**CRIMINAL COMPLAINT**
Case Number: 2:19mj3431

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about August 31, <u>2019</u> in the County of <u>Brooks</u> in the <u>Southern</u> District of <u>Texas</u>, the defendant(s), **Alexis Marie Lopez,**

did knowingly forcibly assault, resist, oppose, impede, intimidate, or interfere with an employee of the United States while such employee was engaged in the official performance of their duties

in violation of Title __18__ United States Code, Section(s) **111(a)(1)**

I further state that I am a(n) **Special Agent** and that this complaint is based on the following
Official Title

Facts:
    See Attached Affidavit

Continued on attached sheet and made a part of this complaint: **X** Yes ___ No

_____
Signature of Complainant

**John G. Baxter**
Printed Name of Compliant

Submitted by reliable electronic means, sworn to,
Signature attested telephonically per Fed R. Crim.
4.1, and probable cause found on the

| | |
|---|---|
| September 1, 2019 | at |
| Date | |
| | |
| **U.S. Magistrate Judge** | Corpus Christi, Texas |
| Name and Title of Judicial Officer | City and State |
| | Signature of Judicial Officer |

## AFFIDAVIT

I, John G. Baxter, being duly sworn on oath states:

I am a Special Agent with the Federal Bureau of Investigation (FBI), assigned to the Houston Division, Corpus Christi Resident Agency, and have been so employed since September 2008. The following facts and information are known by the Affiant and were provided by other law enforcement officers directly involved in the investigation of this matter. These facts and circumstances are being provided as probable cause in support of a complaint for violations of Title 18, United States Code, Section 111(a)(1) – forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with any employee of the United States while such employee is engaged in the official performance of their duties.

On August 31, 2019, Supervisory Border Patrol Agent (SBPA) James Robert Pool, was assigned as the Acting Watch Commander at the United States Border Patrol Checkpoint in Falfurrias, Texas for the evening shift. As part of his duties, he was overseeing checkpoint operations at the Border Patrol Checkpoint on Highway 281 near Encino, Texas. At approximately 3:30 p.m., a 2016 Dodge Journey was referred to the secondary area for a consensual scan with the non-intrusive x-ray system (Z-PORTAL). During the time before the vehicle was scanned, Border Patrol Agent Cesar Hidalgo's canine partner preformed a free air sniff of the vehicle in the secondary inspection area and the canine alerted to the trunk. At that time, the occupants of the vehicle were informed of the canine alert and were instructed to exit the vehicle. Both the driver and the passenger refused to exit the car and agents called for supervisory assistance.

At that time, SBPA Shawn Gonzalez and SBPA Pool responded to the secondary area. SBPA Chianti Edwards also responded with a video camera to document the encounter. They were advised of the situation and SBPA Gonzalez talked with the driver, identified as Alexis Marie Lopez, and front passenger, identified as Vanessa Denise Lopez. Both occupants were informed that a canine had alerted to the vehicle and they were both ordered out of the vehicle, which they refused to comply with. At that time, Vanessa Lopez advised that her son was in the back seat. SBPA Pool could not see her son due to the dark tint. Again, several warnings were given and the occupants refused to exit. At that point, they were informed that if they did not exit the vehicle they would be forced to break the window and remove them from the vehicle, but they still refused to comply with the order. Several more warnings were given to no avail. BPSA Pool told Alexis Marie Lopez to move back so she would not be injured by the glass when he breaks out the window; she did not comply. BPSA Pool then used a glass hammer to break the driver's window. BPSA Pool reached into the vehicle with his left hand to unlock the door, but Alexis Marie Lopez pushed and swatted his hand away from the unlock button. BPSA Pool then reached in with his right hand and tried to hold her hand from pushing his hand into the broken glass. She continued to resist and hit and push his right hand into the glass. BPSA told her that she was assaulting him and that she needed to stop, but she did not. She also raised her knee to push his hand away from her hands. At that time, SBPA Gonzalez removed his taser and told Alexis Marie Lopez that if she continued to resist that she

would be tased. At that point, she stopped struggling and BPSA Pool unlocked the car. Both the driver and front passenger were removed and handcuffed. The rear passenger, now identified with the initials AL (13 years old), was helped out of the vehicle and he walked into the checkpoint.

During the struggle, BPSA Pool's left forearm was punctured and his right ring finger was lacerated by the shattered glass. BPSA Pool also received two small cuts to his right ring finger. BPA EMT Gilberto Chapa examined the injuries and ensured there was no glass in the wounds, and provided medical treatment.

Your Affiant has observed the video, taken by Border Patrol, of the altercation and believes that the aforementioned information constitutes sufficient probable cause to believe that Alexis Marie Lopez has violated Title 18 United States Code, Section 111(a)(1), by forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with any employee of the United States while such employee is engaged in the official performance of their duties.

_____
John G. Baxter, Special Agent, FBI

Submitted by reliable electronic means, sworn to,
Signature attested telephonically per Fed R. Crim.
4.1, and probable cause found on the

1st day of September, 2019
_____
Date

_____
United States Magistrate Judge